IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| YOUNG NAK LIM<br>on behalf of himself and all others<br>similarly situated,<br><br>   **Plaintiff,**<br><br>v.<br><br><br>METAL SOURCE AMERICA, INC.,<br>AIA RECYCLING CORPORATION,<br>and NA Y KIM<br><br>**Defendants.** | CIVIL ACTION<br>FILE NO._____ 3:14-cv-159-TCB<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff YOUNG NAK LIM ("Lim"), on behalf of himself and all others similarly situated, through his counsel, Brian Gene Kim, Leon and Kim, LLC, and files his Complaint alleging as follows:

### NATURE OF THIS ACTION

1.

This is a collective action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, under O.C.G.A. § 9-2-7, under Georgia common law, and Alabama common law, in which Plaintiff seeks compensatory and liquidated damages against Defendants for their failure to pay

federally-mandated overtime wages during Plaintiff's employment with Defendants. Plaintiff Lim alleges on behalf of himself and all other current and former employees of Defendants, similarly situated to Lim, in the state of Alabama and Georgia, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b) (the "Collective Action Class"). In particular, it is the intent of this collective action to apply to all current/former "Yard Employees" of Defendants in the State of Georgia and Alabama, including machine operators, equipment operators, maintenance workers, and security guards who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b). (The "Collective Action Class").

## PARTIES

2.

Young Nak Lim, the named Plaintiff in this action, lives in the Northern District of Georgia.

3.

Defendant Metal Source America, Inc. ("Metal Source America") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in LaGrange, Georgia.

4.

Metal Source America can be served by delivering a copy of summons and complaint to its registered agent John Lee 2259 Greenville Road, LaGrange, Georgia 30240.

5.

Metal Source America is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

Metal Source America is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

7.

Defendant AIA Recycling Corporation ("AIA Recycling") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Alabama, and transacts and has transacted regular, not isolated, acts of business in Greenville, Alabama.

8.

AIA Recycling can be served by delivering a copy of summons and complaint to its registered agent Floyd Gilliland at 4001 Carmichael Road, Montgomery, AL 36106.

9.

AIA Recycling is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

10.

AIA Recycling is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

11.

Defendant Na Y Kim can be served by delivering a copy of summons and Complaint to her at 470 Cloverdale Road, Greenville, AL 36037.

12.

Na Y Kim was involved in the day-to-day operation and has substantial operation control over Metal Source America and AIA Recycling, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and the putative class of Plaintiffs.

13.

Na Y Kim exerts substantial control over Metal Source America and AIA Recycling in compliance with the Fair Labor Standard Act.

14.

Na Y Kim has the power to hire and fire employees, including, without limitation, individuals employed by Metal Source America and AIA Recycling in the same capacity as the named Plaintiff and putative class of Plaintiffs.

15.

Na Y Kim controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Metal Source America and AIA Recycling in the same capacity as the named Plaintiff and putative class of Plaintiffs.

16.

Na Y Kim determines the rate and method of payment for employees including, without limitation, individuals employed by Metal Source America and AIA Recycling in the same capacity as the named Plaintiff and putative class of Plaintiffs.

17.

At all times relevant to this action, Na Y Kim oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by AIA Recycling and Metal Source America in the same capacity as the named Plaintiff and putative class of Plaintiffs.

18.

Defendants individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

19.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

20.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

21.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## Jurisdiction

22.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. § 1331.

## VENUE

23.

Venue is proper in the Northern District of Georgia in that Defendant Metal Source America maintains its principal place of business in judicial district.

24.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in this judicial district.

## FACTS

25.

Lim is a former employee of Defendants.

26.

From November 2006 to February 2012, Lim was employed by Defendant AIA Recycling at AIA Recycling's Greenville, Alabama facility.

27.

Sometime in February 2012, Defendant AIA Recycling relocated Lim to Defendant Metal Source America's LaGrange, Georgia facility.

28.

From February 2012 to September 2014, Lim worked at the LaGrange, Georgia facility.

29.

While Lim was working at the LaGrange facility, he received instructions directly from Metal Source America.

30.

While Lim was working at the LaGrange facility, he received paychecks from AIA Recycling.

31.

According to the Secretary of State of Alabama, Defendant Na Y Kim is the president of AIA Recycling.

32.

According to the Secretary of State of Georgia, Defendant Na Y Kim is the CFO and secretary of Metal Source America.

33.

Based on information and belief, Na Y Kim has an ownership interest in both AIA Recycling and Metal Source America.

34.

AIA Recycling's principal place of business is 470 Cloverdale Road, Greenville, AL 36037.

35.

Based on the website of Metal Source America, www.metalsourceamerica.com, it has three "yard locations," and 470 Cloverdale Road, Greenville, AL 36037 is one of Metal Source America's "yard locations."

36.

AIA Recycling and Metal Source America have been, as a matter of

economic reality, jointly engaged in the meal scrap recycling business and acted as Lim's joint employers.

37.

Throughout Lim's employment with Defendants, Lim was employed as a "Yard Employee" by Defendants. It is the intent of this collective action to apply to all of Defendants' current/former "Yard Employees," including machine operators, equipment operators, maintenance workers, and security guards from October 10, 2011 to the date of judgment in this action.

35

Lim's principal duties while working for Defendants were comprised of performing yard duties connected with Defendants' scrap metal recycling business, including operating equipment.

36.

Throughout Lim's employment with Defendants, all of his compensation came from a salary paid by Defendants.

37.

While employed by Defendants, Lim consistently worked 72 hours, or more, per week. Lim was never paid overtime compensation for hours worked in excess

of forty hours in any given work week.

38.

There are numerous "Yard Employees," employed by Defendants, working in excess of forty hours per week and paid a salary, including machine operators, equipment operators, maintenance workers, and a security guards.

39.

Lim and the putative class members are similarly situated in terms of job duties, pay, and compensation.

40.

Lim did not have discretionary authority in his position as a "Yard Employee" for Defendants.

41.

Defendants deliberately failed to provide Lim with overtime compensation for hours worked in excess of forty in a workweek in 2012, 2013, and 2014.

## CLAIM FOR RELIEF

## Violation of FAIR LABOR STANDARD ACT

## (FLSA)

42.

Lim incorporates the allegations contained in paragraph 1 through 41 of this Complaint as though the same were fully set forth at length herein.

43.

Defendants repeatedly and willfully violated the provisions of Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.* by employing individuals, including Lim, engaged in commerce or in the production of goods for commerce, for work weeks longer than forty hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

44.

Lim, as well as those similarly situated to him, were regularly compelled to work more than forty hours per week but were/are not paid overtime compensation as required under the FLSA.

45.

Lim, and those similarly situated to him, are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess forty.

46.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

47.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Lim, and those similarly situated to him, suffered a loss of wages of at least $100,000.00 or in an amount to be determined in this collective action.

48.

Defendants owe Lim, and those similarly situated to him, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

49.

Case 3:14-cv-00159-TCB   Document 1   Filed 10/15/14   Page 14 of 18

Pursuant to Section 216(b) of the Act, Defendants owe Lim, and those similarly situated to him, jointly and severally, for reasonable attorney fees.

## ALABAMA AND GEORGIA STATE LAW CLAIMS

## QUANTUM MERUIT

50.

The Plaintiff adopts, incorporates by reference, and re-allege paragraphs 1 through 49 of this Complaint for Damages as if originally set forth fully herein.

51.

The Plaintiff conferred a valuable benefit upon Defendants by working overtime hours as requested by Defendants.

52.

The Defendants had knowledge of and accepted the benefit conferred by Plaintiff's working overtime hours.

53.

The Defendants implied that he would pay the reasonable value of Plaintiff's services and work but refused and failed to properly compensate them at time and a half for all overtime hours they worked on Defendants' behalf. Instead Defendants failed to compensate him all overtime hours worked.

Page 14 of 18

54.

As a result of Defendants' failure and refusal to pay Plaintiff for his services and work, Plaintiff Lim suffered a loss of wages an amount to be determined at trial.

55.

It would be unjust for Defendant to retain the benefit of Plaintiffs' overtime work without properly compensating them for all overtime hours they worked on Defendant's behalf.

**UNJUST ENRICHMENT**

56.

The Plaintiff adopts, incorporates by reference, and re-allege paragraphs 1 through 55 of this Complaint for Damages as if originally set forth fully herein.

57.

There is no valid written contract between Plaintiff and Defendants concerning the terms, conditions and provisions of employment.

58.

The Plaintiff has conferred a benefit upon Defendants that would result in Defendant's unjust enrichment unless Plaintiff is adequately compensated for the number of hours that they worked.

59.

The Defendants have been unjustly enriched in the amount of unpaid overtime compensation that is due and owing to Plaintiff in the amount to be determined at trial.

WHEREFORE, Plaintiff demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members as an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Lim and his counsel to represent the Collective Action members and tolling the statute of limitations;

3. An Order finding that Defendants violated section 215(a)(2) and 216(b) of the FLSA;

4. Judgment in favor of Lim and all those similarly situated to him and against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

5. Pursuant to Section 216(b) of the Act, judgment in favor of Lim and those similarly situated to him and against Defendants, jointly and severally, for reasonable attorney fees;

6. Judgment in favor of Lim and those similarly situated to him and against Defendants, jointly and severally, for prejudgment interest;

7. Judgment in favor of Lim and those similarly situated to him and against Defendants, jointly and severally, for all taxable and non-taxable costs;

8. Enter Judgment for quantum meruit under O.C.G.A. § 9-2-7 and Alabama state law claims;

9. Enter Judgment for unjust enrichment under Alabama and Georgia state law claims;

10. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury trial is available; AND

11. Such other, further and different relief as this Court deems appropriate.

This 14th day of October, 2014.

By: */s/ Brian G. Kim*
Brian G. Kim
Georgia. Bar No. 479330
Alabama Bar No. 1288R67G

By: */s/ Homero Leon, Jr.*
Homero Leon, Jr.
Georgia Bar No. 446585

LEON AND KIM, LLC
3006 Clairmont Road
Atlanta, GA 30329
Telephone:  678.302.1956
Facsimile:   404.601.1391
E-Mail: leonandkimllc@gmail.com